**A. Margaret and Juanita CARRANZA, Plaintiffs,**

v.

**Phillip L. FRAAS, Defendant.**

**Civil Action No. 05–0117 (RMU).**

United States District Court, District of Columbia.

Jan. 3, 2007.

A. Margaret Carranza, Lambert, MT, pro se.

Juanita Carranza, Lambert, MT, pro se.

Dennis John Quinn, Carr Maloney PC, Washington, DC, for Defendant.

Phillip L. Fraas, Washington, DC, pro se.

## MEMORANDUM ORDER

### Denying the Plaintiffs' Motion for a Court-Appointed Expert Witness

URBINA, District Judge.

### I. INTRODUCTION

In previous litigation, the *pro se* plaintiffs, A. Margaret Carranza and Juanita Carranza, challenged the Department of Agriculture's allegedly discriminatory foreclosure of the plaintiffs' property. On January 14, 2005, the plaintiffs filed the instant suit alleging that their counsel in the prior action committed legal malpractice and breached his fiduciary duty to them. In pursuit of their malpractice claim, the plaintiffs move the court to appoint an expert witness pursuant to Federal Rule of Evidence 706(a). Because the appointment of an expert witness under Rule 706 is not warranted, the court denies the plaintiffs' motion.

### II. BACKGROUND

The plaintiffs, residents of Montana, brought suit against the United States Department of Agriculture ("USDA") in 1998 to preclude it from executing a foreclosure of the plaintiffs' property, livestock and machinery. Compl. ¶¶ 5, 9. The plaintiffs hired the defendant to represent them in that action. *Id.* ¶ 5. During the course of his representation, the defendant allegedly failed to meet deadlines imposed by the USDA to pursue settlement. *Id.* ¶ 7. Subsequently, the defendant allegedly lied to the plaintiffs and failed to notify them of the amount of the USDA's settlement offer. *Id.* ¶ 7. The plaintiffs also claim that the defendant failed to disclose a conflict of interest that existed due to his lobbying on behalf of "special interests who were vying and needed special financial considerations from the United States Department of Agriculture." *Id.* ¶ 9.

On January 14, 2005, the plaintiffs brought suit against the defendant for legal malpractice and breach of fiduciary duty. On September 13, 2005, the court held an initial status hearing and set forth a schedule for discovery, ordering, *inter alia,* the plaintiffs to designate an expert witness by August 18, 2006. On September 1, 2006, due to the plaintiffs' failure to designate their expert witness, the court granted the defendant's motion for an extension of time to file his expert witness designation. On September 11, 2006, 24 days after the plaintiffs' deadline to designate an expert witness, the plaintiffs filed the instant motion for the court to appoint an expert witness. The court now considers that motion.

### III. ANALYSIS

The plaintiffs ask the court to appoint an expert witness pursuant to Federal Rule of Evidence 706(a). Pls.' Mot. at 2. In support of their request, the plaintiffs argue that the court has inherent authority to appoint an expert witness and that the interests of justice favor the appointment of an expert witness. *Id.* The defendant counters by asserting that the plaintiffs misunderstand the purpose of Rule 706(a), and that, at any rate, the allotted time for the plaintiffs to designate an expert witness has expired. For the reasons that follow, the court denies the plaintiffs' motion.

█ Federal Rule of Evidence 706 allows a court to designate an expert witness. Courts, however, do not commonly designate an expert pursuant to this Rule. Fed.R.Evid. 706, Advisory Comm. Note (explaining that "experience indicates that actual appointment is a relatively infrequent occurrence"). Court invocation of this Rule typically occurs in "exceptional cases in which the ordinary adversary process does not suffice," *In re Joint E. and*

*S. Dists. Asbestos Litigation,* 830 F.Supp. 686, 693 (E.D.N.Y.1993), or when a case presents "compelling circumstances" warranting the appointment of an expert, *Applegate v. Dobrovir, Oakes & Gebhardt,* 628 F.Supp. 378, 383 (D.D.C.1985) (concluding that a *pro se* litigant's inability to secure an expert witness in a legal malpractice case did not constitute a "compelling circumstance" warranting a court-appointed expert). The plaintiffs argue that this case presents " 'demanding evidentiary' issues ... regarding agricultural law and [USDA] rules and regulations." Pls.' Reply at 3. They assert that the court will have to "sift through" matters relating to the defendant's alleged conflict of interest and that an expert witness is needed "to assist the trial court in evaluating the reliability of expert testimony for purposes of determining admissibility." *Id.* at 3–4.

■ Despite their characterization of this case's issues, the plaintiffs have made no showing that their malpractice claims are so complex, or that their case presents circumstances so compelling, that the appointment of an expert would aid the court. The plaintiffs' claims are not of an unusually complex nature. Indeed, the three-page complaint simply alleges malpractice and breach of fiduciary duty based on the defendant's conflict of interest, his failure to keep the plaintiffs informed of settlement negotiations and his failure to meet certain deadlines. *See* Compl. Although the plaintiffs' claims may invoke "agricultural law and [USDA] rules and regulation," Pls.' Reply at 3, this court is no stranger to the application of administrative rules and regulations or to the general rigors of litigation. It concludes, therefore, that no expert is needed to assist the court's navigation through this case. *Frazetti v. Marion County Jail,* 2004 WL 3058287, *2 (D.Or. May 21, 2004) (denying the plaintiff's request to secure

an expert witness at the defendants' expense and stating that no appointment under Rule 706 was appropriate because the plaintiff had "made no showing that the complexity of this case warrants the appointment of an expert *to assist the court* ") (emphasis in original); *Applegate,* 628 F.Supp. at 383 (highlighting that the court's authority to appoint an expert pursuant to Rule 706 is discretionary). Because the plaintiffs bring a straightforward legal malpractice case, the court does not need an expert witness.

■ Moreover, the court notes that to prove a prima facie case of malpractice, plaintiffs typically must produce an expert witness. *See Athridge v. Aetna Cas. & Sur. Co.,* 351 F.3d 1166, 1174–75 (D.C.Cir. 2003); *Applegate,* 628 F.Supp. at 382. The plaintiffs' deadline for filing a designation of an expert witness was August 18, 2006. Yet, the court's deadline came and went without the plaintiffs either designating their expert witness or filing for an extension of time to do so. Therefore, for the court to appoint them an expert witness "under Rule 706 would be tantamount to the court assisting [the plaintiffs] in proving [their] case." *Hannah,* 2006 WL 2583190, at *4. And, this action would be doubly inappropriate considering that the plaintiffs missed the deadline to perform the very action they are now requesting the court to take. *See Ficken v. Golden,* 2005 WL 692019, at *1 n. 1 (D.D.C. March 24, 2005) (advising the litigants that their *"pro se* status does not relieve them of their obligation to comply with the court's rules").

■ The plaintiffs state that they do not intend to appoint an expert witness, and, therefore, imply that the instant motion does not request the appointment of an expert witness for their use at trial. Pls.' Reply at 5. Nevertheless, considering that *pro se* litigants are held to "less stringent"

standards than litigants represented by counsel, the court feels compelled to allay any expectation the plaintiffs may entertain regarding the instant motion and any obligation they may have to designate an expert witness. *See Moore v. Agency for Intern. Dev.*, 994 F.2d 874, 876 (D.C.Cir. 1993) (highlighting the "importance of providing *pro se* litigants with the necessary knowledge to participate effectively in the trial process") (citing *Neal v. Kelly*, 963 F.2d 453 (D.C.Cir.1992)).

Rule 706 allows the court to appoint an expert witness to assist the court, not to assist a party. *See e.g. In re McGhan Med. Corp.*, 251 F.3d 166, 2000 WL 1521338 (Fed.Cir.2000) (stating that the district court appointed a technical expert "to assist the court" pursuant to Rule 706(a)); *Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir.1999) (affirming the district court's *sua sponte* appointment of an expert witness following its conclusion "that the medical testimony was not 'particularly clear,'" and stating that it was "an appropriate occasion" to appoint an expert "to assist the court in evaluating contradictory evidence"); *Gold v. Dalkon Shield Claimants Trust*, 1998 WL 351466, at *2 (D.Conn. June 3, 1998) (declining to appoint an expert witness and designate costs to the defendant pursuant to Rule 706 because the "litigation [did] not raise any complex scientific issues which the Court need[ed] expert guidance to understand"). Quite simply, "litigant assistance" is not the purpose of Rule 706. *Hannah v. U.S.*, 2006 WL 2583190, at *4 (N.D.Tex. Sept.1, 2006) (declining to appoint an expert for a *pro se* plaintiff as it would be inappropriate under Rule 706) (internal citations omitted).

For the foregoing reasons, it is this 3rd day of January, 2007,

**ORDERED** that the plaintiffs' motion for a court-appointed expert witness is **DENIED.**

**SO ORDERED.**