COURT OF APPEALS
DECISION
DATED AND FILED

May 21, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2024AP1394**

STATE OF WISCONSIN

Cir. Ct. No. 2022CV2456

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN EX REL. MICHAEL A. ALEXANDER,

   PLAINTIFF-APPELLANT,

 V.

DR. DAVID WOLFE,

   DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Dane County: NIA E. TRAMMELL, Judge. *Affirmed*.

Before Kloppenburg, Nashold, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  Michael Alexander appeals an order dismissing his dental malpractice case.  We affirm.

¶2     Alexander's amended complaint alleged that defendant David Wolfe was a dentist who treated him at a correctional facility.  Alexander sought compensatory and punitive damages for pain that he alleged he suffered because Wolfe did not timely treat his dental condition.  The circuit court dismissed the complaint on Wolfe's summary judgment motion.

¶3     Alexander first argues that the circuit court erred by denying his motion for the appointment of an expert.  Before the summary judgment portion of the litigation, Alexander moved for the court to appoint an expert under WIS. STAT. § 907.06(1) (2023-24).[1]  The ground for the motion was that Alexander was unable to obtain the services of an expert from prison.  The motion stated that "[t]he purpose of this expert witness is to investigate whether Dr. Wolfe's actions fell below the professional standard of a dentist and if so to prosecute this case." The motion stated:

> The arguments and these material facts within the amended complaint suggest the claims against Dr. Wolfe has merit but without expert support they are insufficient.  To appoint a dentist as an expert when evidence demonstrates the claims have merit and that the Plaintiff is unable to contact the dentist community would promote justice.

The motion asked the court to order Wolfe to compensate the expert, due to Alexander's indigency.

¶4     The circuit court denied the motion.  It stated in part that the statute Alexander relied on

> is not a mechanism that allows the Court to appoint an expert witness for the purpose of aiding Alexander in

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

buttressing or preparing his claims in this litigation; it is a tool to assist the Court. The Court has no basis at this time to warrant the appointment of an expert.

¶5 On appeal, Alexander argues that the circuit court misinterpreted WIS. STAT. § 907.06(1), which provides:

> The judge may on the judge's own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed, and may request the parties to submit nominations. The judge may appoint any expert witnesses agreed upon by the parties, and may appoint witnesses of the judge's own selection. An expert witness shall not be appointed by the judge unless the expert witness consents to act. A witness so appointed shall be informed of the witness's duties by the judge in writing, a copy of which shall be filed with the clerk, or at a conference in which the parties shall have opportunity to participate. A witness so appointed shall advise the parties of the witness's findings, if any; the witness's deposition may be taken by any party; and the witness may be called to testify by the judge or any party. The witness shall be subject to cross-examination by each party, including a party calling the expert witness as a witness.

¶6 Alexander correctly observes that nothing in the text of the statute limits such an expert's role to that of assisting the circuit court, and nothing in the statute prohibits the court from appointing an expert to potentially assist a party in the manner that Alexander sought. He notes that the statute allows appointment of an expert on either the court's own motion or on the motion of a party, and argues that the provision for a motion by a party would be unnecessary if the sole purpose of the statute is for the court to appoint an expert to assist itself, and never to assist a party. In the absence of language limiting the expert in that way, he argues that the statute should be interpreted to allow for his motion, in accordance with the statute directing that the rules of evidence be construed "to the end that the truth may be ascertained and proceedings justly determined." WIS. STAT. § 901.02.

¶7      In response, Wolfe describes the statute as "providing" that the circuit court may appoint "a neutral expert."  However, that language is not in the statute.  Wolfe relies on the note of the Judicial Council Committee that was published along with the rule.  It states in part:

> Unless a substantial difference of opinion by experts of adverse parties exists, other than a difference of opinion resulting from accepted but differing schools of professional thought, the power of the court to appoint experts should not be used.  In exercising that power the court should give the parties a reasonable voice in the selection of the expert to the end that they may be reasonably assured of his impartiality.

WIS. R. EVID., 59 Wis. 2d R1, R216.

¶8      Wolfe also relies on a federal case applying the federal rule on which the Wisconsin rule is based, *Carranza v. Fraas*, 471 F. Supp. 2d 8 (D.D.C. 2007).  In that case, the court reviewed other federal decisions and concluded that the federal rule "allows the court to appoint an expert witness to assist the court, not to assist a party."  *Id.* at 9-11.

¶9      We conclude that Wolfe has the better argument.  The Judicial Council Committee note stating that the statute "should not" be used in the way that Alexander requested supports an interpretation that the statute cannot be used in that way.  This interpretation is also supported by the *Carranza* decision.

¶10     Alexander also argues that the circuit court erred in dismissing his complaint.  The court dismissed Alexander's claims of negligence and medical malpractice in part on the ground that Alexander did not name an expert witness.  This court reviews a grant of summary judgment de novo, using the same methodology used by the circuit court.  *Bank of New York Mellon v. Klomsten*,

2018 WI App 25, ¶31, 381 Wis. 2d 218, 911 N.W.2d 364. That methodology is well established and need not be repeated in full here.

¶11 On appeal, Alexander acknowledges that in malpractice cases expert testimony is generally required to establish a breach of the standard of care. He attempts to overcome his lack of an expert by arguing that a jury could make reasonable inferences from the actions of a later dentist who treated him with gum desensitizer, and from Wolfe's own statements about the taking of X-rays. However, we conclude that these sources are not sufficient to replace the requirement for expert testimony in Alexander's favor.

¶12 Accordingly, we conclude that the circuit court properly granted summary judgment to Wolfe and dismissed Alexander's complaint.

*By the* Court.—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.