CITY OF PRESCOTT, Plaintiff-Appellant,

v.

Gary HOLMGREN and Kim D. Holmgren,
Defendants-Respondents.†

Court of Appeals

*No. 2005AP2673. Submitted on briefs June 20, 2006.
—Decided July 18, 2006.*

2006 WI App 172

(Also reported in 721 N.W.2d 153.)

† Petition to review denied 10/10/06.

628

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *R. Michael Waterman* of *Mudge Porter Lundeen & Seguin, S.C.*, Hudson.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Warren Lee Brandt*, Prescott.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J.   The City of Prescott appeals a summary judgment dismissing its claims against Gary and Kim Holmgren. The City argues the circuit court erred by concluding the City's claims were barred by Wis. Stat. § 893.33[1] because the statute does not apply to a municipality's interest in an unrecorded highway. We agree, reverse the judgment and remand for further proceedings.[2]

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

[2] Because we agree with the City that Wis. Stat. § 893.33 does not apply to these facts, we need not address the City's alternative argument that genuine issues of material fact exist

## BACKGROUND

¶ 2. This is a property dispute involving a segment of roadway referred to as the Lake Street turn-around. The disputed turn-around is a loop of roadway that allows vehicles to reverse direction where the public stretch of Lake Street ends and a private road begins. The City asserts the turn-around is part of Lake Street and constitutes a public highway. The Holmgrens contend the turn-around is a private drive, situated primarily inside the surveyed boundaries of their land, which they and their predecessors in title sometimes allowed the public to use.

¶ 3. The City commenced this action in December 2004, seeking a declaration of its rights in the turn-around. The City's complaint alleged that for more than fifty years the public had used the turn-around and the City paved, maintained, improved and worked the turn-around as a public highway. The City asserted an interest in the turn-around based on three alternate theories: (1) ten years of public maintenance under WIS. STAT. § 82.31(2); (2) twenty years of prescriptive use by the public; or (3) common law dedication. The Holmgrens answered separately and denied the City's allegations.

¶ 4. The Holmgrens moved for summary judgment contending, among other things, that the thirty-year recording requirement contained in WIS. STAT. § 893.33 barred the City from asserting ownership of the turn-around. The circuit court concluded there were material issues of fact regarding all three of the City's theories. However, the court concluded that, even

regarding the statute's application here. *See Gross v. Hoffman,* 227 Wis. 296, 300, 277 N.W. 663 (1938) (only dispositive issues need be addressed).

if the City could prove any theory, § 893.33 nonetheless barred the City's claim because its interest was never recorded. Therefore, the court granted summary judgment in the Holmgrens' favor.

## STANDARDS OF REVIEW

¶ 5.　We review a summary judgment independently, using the same methodology as the circuit court. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987). Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Wɪs. Sᴛᴀᴛ. § 802.08(2). We view the facts in the light most favorable to the nonmoving party. *State Bank of La Crosse v. Elsen*, 128 Wis. 2d 508, 511–12, 383 N.W.2d 916 (Ct. App. 1986).

¶ 6.　The interpretation of a statute is a question of law, which we review independently. *State v. Waushara County Bd. of Adj.*, 2004 WI 56, ¶ 14, 271 Wis. 2d 547, 679 N.W.2d 514. We begin with the language of the statute, and if it has a plain meaning, we apply that plain meaning without resorting to judicial construction or relying on extrinsic sources. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶¶ 45–46, 271 Wis. 2d 633, 681 N.W.2d 110. Where statutes appear to be inconsistent, we look for compatibility, not for conflict. "It is a cardinal rule of statutory construction that conflicts between different statues, by implication or otherwise, are not favored and will not be held to exist if they may otherwise be reasonably construed." *Tamminen v. Aetna Cas. & Sur. Co.*, 109 Wis. 2d 536, 544, 327 N.W.2d 55 (1982) (citation omitted).

## DISCUSSION

¶ 7. The issue presented is whether the Wis. Stat. § 893.33 thirty-year recording requirement can bar a municipality's interest in an unrecorded public highway. Wisconsin Stat. § 893.33(2) provides, in relevant part:

> Except as provided in subs. (5) to (9), no action affecting the possession or title of any real estate may be commenced, and no defense or counterclaim may be asserted, by any person, the state or a political subdivision or municipal corporation of the state after January 1, 1943, which is founded . . . upon any transaction or event occurring more than 30 years prior to the date of commencement of the action, unless . . . within 30 years after the date of the transaction or event there is recorded in the office of the register of deeds of the county in which the real estate is located, some instrument expressly referring to the existence of the claim or defense, or a notice setting forth the name of the claimant, a description of the real estate affected and of the instrument or transaction or event on which the claim or defense is founded, with its date and the volume and page of its recording, if it is recorded, and a statement of the claims made.

One of the exceptions contained in Wis. Stat. § 893.33(5) provides, in relevant part, "This section also does not apply to real estate or an interest in real estate while the record title to the real estate or interest in real estate remains in the state or a political subdivision or municipal corporation of this state."

¶ 8. The City argues its interest in the turn-around is excepted from the recording requirement by the municipality-held property exception of Wis. Stat. § 893.33(5). The Holmgrens counter that the exception

632

only applies to a municipality's recorded interests in real estate and, because it is undisputed that the City's interest was never recorded, the City cannot benefit from the exception. Alternatively, the City argues that other, more specific statutes, govern a municipality's interest in an unrecorded highway and therefore the thirty-year recording requirement does not apply here. Because we agree with the City's alternative argument, we need not determine whether the legislature only intended to include recorded interests within the scope of the § 893.33(5) exception.[3]

¶ 9. The WIS. STAT. § 893.33 recording requirement is a general real estate statute. However, the legislature has spoken specifically regarding unrecorded public highways. *See Clean Wisconsin, Inc. v. PSC*, 2005 WI 93, ¶ 175, 282 Wis. 2d 250, 700 N.W.2d 768 (Where two statutes apply to the same subject, the more specific controls.). The term "unrecorded highway" is defined in WIS. STAT. § 82.01(10) as "a highway that is not a recorded highway." WISCONSIN STAT. § 82.31 provides that, with some exceptions irrelevant here, "any unrecorded highway that has been worked as a public highway for 10 years or more is a public highway . . . ."

¶ 10. WISCONSIN STAT. § 82.31 does not require recording, but instead creates a public highway by operation of statute. Once a public highway has been legally established, it can only be terminated in the manner prescribed by statute. *Johnston v. Lonstorf*, 128 Wis. 17, 23, 107 N.W. 459 (1906). Unrecorded public highways

---

[3] Accordingly, we do not discuss the primary case relied upon by the Holmgrens, *State Historical Soc'y v. Village of Maple Bluff*, 112 Wis. 2d 246, 332 N.W.2d 792 (1983).

may be vacated through the procedures articulated in WIS. STAT. §§ 82.10 to 82.12. WIS. STAT. § 82.19(1). A public highway also may be abandoned in the manner articulated in WIS. STAT. § 66.1003. Both procedures require a petition by abutting landowners, public notice and a public hearing.

¶ 11.   Reading WIS. STAT. § 893.33 as the Holmgrens suggest to bar the City's asserted interest would eviscerate the unrecorded highway statutes and circumvent the statutorily-defined highway vacation process. *See Wagner v. Milwaukee Cty. Election Comm'n*, 2003 WI 103, ¶ 33, 263 Wis. 2d 709, 666 N.W.2d 816 (Statutes should be interpreted so that no provision is rendered meaningless.). Such a reading effectively permits a public highway to be vacated without public notice or hearing. The legislature could not have intended for the general thirty-year recording requirement to supercede the specific statutes providing procedural protections for the public's interest in unrecorded highways.

¶ 12.   Nonetheless, the Holmgrens assert that the public highway vacation statutes are irrelevant here. They contend there is no public highway to vacate because the City has not established that a public highway exists. The Holmgrens cite selective, but disputed, facts in the record supporting their theory that there has only been permissive use of the turn-around. By selecting among disputed facts that support their position, the Holmgrens ignore the procedural posture of this case. The City brought this action seeking a declaration of its rights to the turn-around because it asserted a public highway was created by its history of use or by operation of statute. The circuit court's summary judgment acknowledged there were factual disputes regarding whether the City had established

the requisite periods and extent of use to result in the turn-around becoming a public highway. However, it concluded that, even assuming the City had established that a public highway was created by public use and maintenance, the City's claimed interest in the turn-around was barred as a matter of law by WIS. STAT. § 893.33. Because we conclude § 893.33 does not bar the City's claimed interest, genuine issues of material fact remain regarding the length and extent of the public's use of the turn-around, and summary judgment is therefore inappropriate. Thus, the Holmgrens' factual arguments are more appropriately raised in the circuit court on remand.

¶ 13.   The Holmgrens also argue in their response brief that the City's appeal is frivolous. The Holmgrens' argument is not properly before this court because it has not been raised in compliance with *Howell v. Denomie*, 2005 WI 81, ¶ 19, 282 Wis. 2d 130, 698 N.W.2d 621 (concluding that "parties wishing to raise frivolousness must do so by making a separate motion to the court, whereafter the court will give the parties and counsel a chance to be heard"). In any event, because we agree with the City's position on appeal, the Holmgrens' argument that the City's appeal is frivolous fails.

*By the Court.*—Judgment reversed and cause remanded for further proceedings.