KLOPPENBURG, J.
*222 ¶1 This case arises out of a foreclosure action initiated by Bank of New York Mellon against Gloria and Steven Klomsten. The circuit court granted summary judgment in favor of the Bank. On appeal, the Klomstens challenge two rulings of the circuit court: (1) the court's denial of the Klomstens' motion to dismiss, and (2) the court's granting of the Bank's motion for summary judgment. The Klomstens argue that the circuit court should have granted their motion to dismiss for either of the following reasons: the action is barred by the six-year statute of limitations in WIS. STAT. § 893.43 (2015-16),[1] which applies to breach of contract actions, or the complaint fails to state a claim for relief because the Bank does not sufficiently allege that it possesses the original note, which the Bank must prove to prevail on its foreclosure claim. The Klomstens argue that the circuit court erred in granting the Bank's motion for summary judgment because the Bank's submissions in support of summary judgment do not establish a prima facie case that the Bank is the proper plaintiff in this foreclosure action.
¶2 We reject both of the Klomstens' arguments relating to the motion to dismiss. First, it is well established that the running of the statute of limitations that applies to enforcement of a note does not prevent timely foreclosure of the mortgage that secures the note, and the Klomstens do not cite any legal authority to the contrary or argue that this action is otherwise untimely. Second, assuming without deciding that the Bank must allege that it has possession or the ability to possess the note, we conclude that the *223 complaint does not fail to state a claim because it can reasonably be inferred from the allegations *367 it contains, along with the copies of the mortgage and note endorsed in blank attached to the complaint, that the Bank is asserting that it possesses, or has the ability to possess when needed, the original note. Therefore, the complaint does not fail to state a claim for the reason alleged by the Klomstens.
¶3 However, we agree with the Klomstens' argument as to the motion for summary judgment. We conclude that the Bank's submissions in support of summary judgment do not establish each element of its prima facie case for this foreclosure action because the Bank's submissions do not aver facts showing that the Bank possesses the original note and, therefore, that the Bank is a proper plaintiff in this foreclosure action. Accordingly, we reverse and remand the case for further proceedings.
BACKGROUND
¶4 The Bank filed this action in 2016, alleging that the Klomstens failed to comply with the terms of a note and mortgage executed by the Klomstens "by failing to pay past due payments as required" as of June 2005, and seeking a judgment of foreclosure. The Bank attached to its complaint a copy of the note and mortgage it alleged the Klomstens executed in 2003.[2]
¶5 The Klomstens filed a motion to dismiss asserting that the action is barred by *224 WIS. STAT. § 893.43, the six-year statute of limitations that applies to breach of contract actions, and that the complaint fails to state a claim for relief because the Bank does not sufficiently allege that it possesses the original note. While the Klomstens' motion was pending, the Bank filed a motion for summary judgment. In support of its summary judgment motion, the Bank submitted two affidavits, one from the Bank's attorney, who avers primarily as to the attorney's fees and costs incurred by the Bank in this action,[3] and one from Charlene Butler, an employee of Shellpoint Mortgage Servicing, who avers that Shellpoint is the servicer for the Bank "in relation to the loan that is the subject of this litigation."
¶6 In opposition to the Bank's summary judgment motion, the Klomstens submitted an affidavit in which Steven Klomsten describes his dealings with various financial and servicing entities regarding the note and mortgage.
¶7 The circuit court denied the Klomstens' motion to dismiss and granted the Bank's motion for summary judgment, "having determined that all material allegations are true; that there is no debate as to the caselaw and that applying the facts to the law, Summary Judgment is appropriate." This appeal follows.
¶8 We will relate additional facts, particularly as to the allegations in the complaint and the averments in the affidavits, in the discussion that follows.
*225 DISCUSSION
¶9 As stated, the Klomstens challenge the circuit court's rulings denying their motion to dismiss and granting the Bank's *368 motion for summary judgment. We address each of the rulings in turn.
I. The Klomstens' Motion to Dismiss
¶10 The Klomstens argue that the circuit court should have granted the motion to dismiss for either of the following reasons: the action is barred by the six-year statute of limitations in WIS. STAT. § 893.43, or the complaint fails to state a claim for relief because the Bank does not sufficiently allege that it possesses the original note, which the Bank must prove to prevail on its foreclosure claim. As we explain, we reject each of the Klomstens' arguments.
¶11 Before we address the Klomstens' arguments, we first dispense with the Bank's argument that the Klomstens were required to seek an interlocutory appeal of the circuit court's nonfinal order denying their motion to dismiss in order to preserve the challenge to that order. Under WIS. STAT. RULE 809.50(1), a party may file a petition for leave of the court of appeals permitting appeal of a nonfinal judgment or order that is not appealable as of right within fourteen days after entry of the judgment or order. The Bank cites no legal authority to support its proposition that a party must do so to bring a nonfinal ruling before the appellate court. Nor could the Bank, because the law is to the contrary: "An appeal from a final order brings before the appellate court all prior nonfinal orders and rulings adverse to the appellant and favorable to the *226 respondent made in the action or proceeding." Jacquart v. Jacquart , 183 Wis. 2d 372, 380-81, 515 N.W.2d 539 (Ct. App. 1994) ; WIS. STAT. RULE 809.10(4). Therefore, the circuit court's nonfinal ruling denying the Klomstens' motion to dismiss is properly before us via the Klomstens' appeal from the court's final ruling granting summary judgment in favor of the Bank.
A. Statute of Limitations
¶12 We are required to choose and apply the appropriate Wisconsin statute of limitations to the Bank's claims to determine whether they are time-barred. "Choosing the correct statute of limitations involves a question of law that we independently review." Zastrow v. Journal Communications, Inc. , 2006 WI 72, ¶ 12, 291 Wis. 2d 426, 718 N.W.2d 51.
¶13 The Bank brought this foreclosure action eleven years after the Klomstens stopped making payments. The Klomstens argue that the circuit court should have dismissed this action because it is barred by WIS. STAT. § 893.43(1), the six-year statute of limitations that applies to breach of contract actions, and which specifically applies to actions "upon any contract, obligation, or liability." The Bank concedes that the statute of limitations has "expir[ed] on the note," but argues that its action to foreclose the mortgage is timely under WIS. STAT. § 893.33(2) and (5), the thirty-year statute of limitations that applies to actions "affecting the possession or title of any real estate" including "all claims to an interest in real property."
¶14 In response to the Bank's argument, the Klomstens point to WIS. STAT. § 893.33(4), which provides that the thirty-year statute of limitations "does *227 not extend the right to commence any action or assert any defense or counterclaim beyond the date at which the right would be extinguished by any other statute." See City of Prescott v. Holmgren , 2006 WI App 172, ¶ 9, 295 Wis. 2d 627, 721 N.W.2d 153 ( WIS. STAT. § 893.33 is a "general real estate statute" that does not apply where a more specific statute of limitations is shown to apply). The Klomstens argue that the Bank's foreclosure claim is "based upon a contract, obligation, and liability that was expressly stated in a note and mortgage"; that the note is inseparable from the mortgage; *369 that together they "form the complete obligation of the parties to the mortgage contract"; and that, therefore, this action to foreclose the mortgage is subject to the more specific "statute of limitations for bringing an action for a breach of contract on the note."[4]
¶15 The problem with the Klomstens' argument is that it has been soundly and repeatedly rejected by Wisconsin courts since at least 1866.
¶16 In Wiswell v. Baxter , 20 Wis. 680, 681-82 (1866) our supreme court stated, "It seems to be well established by the authorities that the six years statute of limitation constitutes no bar to a suit to foreclose the mortgage, although it might have been pleaded to a suit upon the notes." The court explained that mortgages are given to secure payment of debt and concluded, "There is no question as to whether or not the personal liability of the mortgager continues, since no judgment for a deficiency is asked against him." Id. at 682.
*228 ¶17 One hundred years later, in Security Nat'l Bank v. Cohen , 31 Wis. 2d 656, 661, 143 N.W.2d 454 (1966), our supreme court similarly stated,
This court has had occasion to consider a number of times a question analogous to the one at hand, whether a mortgagee can foreclose a mortgage executed to secure a note, after the shorter statute of limitations on the note has extinguished the mortgagee's rights to sue the mortgagor-debtor on the personal obligation. Consistently it has been held that "the extinguishment of an obligation by the running of the statute of limitations does not prevent the foreclosure of a mortgage given to secure the debt."
(Emphasis added; quoted source omitted.) See also Whipple v. Barnes , 21 Wis. 327, 327-29 (1867) (ruling that a mortgage given to secure a note may be foreclosed although an action upon the note may be barred); Potter v. Stransky , 48 Wis. 235, 242, 4 N.W. 95 (1880) (ruling that a mortgage may be foreclosed after the statute of limitations has run against the note, but before it has run against the mortgage); Hayes v. Frey , 54 Wis. 503, 519-20, 11 N.W. 695 (1882) (explaining why the statute of limitations barring an action on the debt should not bar a foreclosure action, namely that extinguishing the creditor's right to the money agreed to be paid does not correct the default in the payment of the money secured by the mortgage, and so long as that default remains, foreclosure remains a remedy); Bur v. Bong , 159 Wis. 498, 501-02, 150 N.W. 431 (1915) ("The plaintiff's right to foreclose his mortgage, although the note secured by the mortgage is barred by the statute of limitations, has been well established by the decisions of this court."); Ogden v. Bradshaw , 161 Wis. 49, 53, 150 N.W. 399 (1915) ("It has also been ruled in numerous cases in this state that after the *229 statute of limitations has run against the ... note to which the mortgage is collateral, the mortgage ... may be foreclosed within twenty years after default on the note ...."); First Nat'l Bank of Madison v. Kolbeck , 247 Wis. 462, 465-67, 19 N.W.2d 908 (1945) ("[I]t has been the law of the state of Wisconsin since Wiswell v. Baxter (1866), 20 Wis. *680, that the extinguishment of an obligation by the running of the statute of limitations does not prevent the foreclosure of a mortgage given to secure the debt."). *370 ¶18 The Bank cites many of the above cases in its response brief on appeal, and the Klomstens cite no law to the contrary in reply. Rather, the Klomstens assert that these cases are too old, cite inapposite cases concerning actions seeking contract reformation, and appeal to public policy in light of "the practicalities and realities of a 30-year statute of limitations on mortgage loans ... in an era where mortgage loans are pooled and securitized." These assertions are unavailing, and the Klomstens' failure either to refute the law set forth above or to argue that this action is otherwise untimely is fatal to their statute of limitations argument.
¶19 In sum, the circuit court did not err in denying the Klomstens' motion to dismiss based on the statute of limitations.
B. Failure to State a Claim
¶20 The Klomstens also argue that the circuit court should have dismissed this action for failure to state a claim for relief because the Bank does not sufficiently allege that it possesses the original note. We first state the standard of review and the applicable *230 substantive law, and we then review the allegations in the complaint in light of the stated legal principles.
¶21 "A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint." Data Key Partners v. Permira Advisers LLC , 2014 WI 86, ¶ 19, 356 Wis. 2d 665, 849 N.W.2d 693 (quoted source omitted). "Upon a motion to dismiss, we accept as true all facts well-pleaded in the complaint and the reasonable inferences therefrom." Id. (citing Kaloti Enters., Inc. v. Kellogg Sales Co. , 2005 WI 111, ¶ 11, 283 Wis. 2d 555, 699 N.W.2d 205 ). However, a court cannot add facts when analyzing the sufficiency of the complaint. Id. The complaint's sufficiency depends on the substantive law that underlies the claim, and the alleged facts related to that substantive law must "plausibly suggest [the plaintiff is] entitled to relief." Id. , ¶ 31. Whether a complaint adequately pleads a cause of action is a question of law we review de novo. Hermann v. Town of Delavan , 215 Wis. 2d 370, 378, 572 N.W.2d 855 (1998).
¶22 To foreclose on a mortgage that secures an instrument, a party must show that it is entitled to enforce the instrument by proving that it is the "holder" of the instrument or "a nonholder in possession of the instrument who has the rights of a holder."[5] WIS. STAT. § 403.301. Generally speaking, a "holder" is the person in possession of the instrument, in this case *231 the note. WIS. STAT. § 401.201(2)(km)1. (a "holder" is "[t]he person in possession of a [note] that is payable either to bearer or to an identified person that is the person in possession"). A note endorsed in blank is payable to the bearer and is negotiated by transfer of possession alone. See WIS. STAT. §§ 403.201(1), 403.205(2). Thus, here, where the note is endorsed in blank, the Bank is entitled to a judgment of foreclosure on the mortgage, that secures the note, if it shows that it is entitled to enforce the note as the holder in possession of the note.
¶23 We first observe that there is no requirement that the Bank here possess the note when the complaint is filed. The Klomstens correctly contend that the Bank will be required to prove that it is the "holder" of the note, or "a nonholder in possession ... who has the rights of a holder." WIS. STAT. § 403.301. But the Klomstens do not provide authority for the proposition that the Bank must be the note *371 holder when the complaint is filed. Nonetheless, it could be argued that the Bank must allege that it is a qualifying holder or that it will be a qualifying holder when the time comes to present evidence. Thus, assuming without deciding that the Bank must at least allege that it will be a qualifying note holder when called on to present evidence, we nonetheless conclude that the allegations contained in, and the attachments to, the complaint supply this allegation as a reasonable inference.
¶24 In the complaint the Bank alleges in pertinent part that:
• it is "the loan servicer which collects and tracks payments, distributes collections to the trustee and pursues legal action when necessary";
*232 • it "is the current mortgagee of record";
• in 2003 Klomsten executed a note secured by a mortgage;
• a copy of the note, which includes an endorsement in blank, and a copy of the mortgage are attached;
• in June 2005 Klomsten defaulted on the payments required by the note;
• the Bank elected to proceed with foreclosure with a six-month period of redemption and to waive a deficiency judgment.
The complaint also demands judgment "[f]or the foreclosure and sale of the mortgaged premises."
¶25 As discussed, assuming for argument's sake that the Bank must, in its complaint, make allegations permitting the reasonable factual inference that the Bank will be a qualifying holder when the Bank is required to present evidence, we conclude that the complaint here satisfies this requirement. Wisconsin is a notice pleading state. Hertlein v. Huchthausen , 133 Wis. 2d 67, 72, 393 N.W.2d 299 (Ct. App. 1986). Therefore, the Bank's complaint needs to contain only a "short and plain statement of the claim, identifying the transaction or occurrence or series of transactions or occurrences out of which the claim arises and showing that the pleader is entitled to relief" and a "demand for judgment for the relief." WIS. STAT. § 802.02(1)(a) and (b).
¶26 We conclude that, considering all of the facts that the Bank alleges in its complaint as true, along with the reasonable inferences from those allegations, see Data Key Partners , 356 Wis. 2d 665, ¶ 19, 849 N.W.2d 693, *233 the complaint satisfies the statutory standard. The allegations plainly state that the Bank is seeking a judgment of foreclosure on the mortgage executed by the Klomstens and on which the Bank is the mortgagee, based on the Klomstens' default on the note secured by the mortgage. It can reasonably be inferred from the allegations and the attachment to the complaint of copies of the mortgage and note endorsed in blank, that the Bank is asserting that it will be able to prove that it possesses the original note at the time of judgment.
¶27 As the Bank points out, the Klomstens appear to seek to impose at pleading the same requirements that must be met to make a prima facie case for foreclosure at summary judgment or trial. See, e.g., Dow Family, LLC v. PHH Mortg. Corp. , 2013 WI App 114, ¶¶ 17, 24, 350 Wis. 2d 411, 838 N.W.2d 119, aff'd , 2014 WI 56, 354 Wis. 2d 796, 848 N.W.2d 728 (2014) (reversing summary judgment because defendant did not make prima facie case that it possessed the original note). However, the Klomstens point to no law requiring that a plaintiff specifically allege in its complaint that it possesses the original note, when, as here, there are sufficient facts from which it can reasonably be inferred that the plaintiff is entitled to foreclosure assuming those facts and inferences are true.
*372 ¶28 The Klomstens assert that: (1) Wisconsin "should" have strict pleading requirements, such as those required by statute in Florida; (2) requiring more strict pleading requirements may be a matter for the legislature; and (3) best practices demand that a plaintiff bringing a foreclosure action allege, and that the attorney representing the plaintiff know, that the plaintiff is entitled to enforce the note because it possesses the original note, properly endorsed. While *234 we agree that it may be a best practice to allege that a plaintiff does or will possess the original note that the plaintiff seeks to enforce through foreclosure, the Klomstens' reliance on legal authority from other jurisdictions and vague policy assertions is unpersuasive.
¶29 In sum, the circuit court did not err in denying the Klomstens' motion to dismiss the complaint for failure to state a claim based on the Bank's failure to sufficiently allege its possession of the original note.
II. The Bank's Motion for Summary Judgment
¶30 The Klomstens argue that the circuit court erred in granting summary judgment in favor of the Bank. More specifically, the Klomstens argue that the Bank's submissions in support of summary judgment do not establish each element of its prima facie case for this foreclosure action because the Bank's submissions do not aver facts showing that the Bank possesses the original note and, therefore, that the Bank is the proper plaintiff in this foreclosure action. As we explain, we agree.
¶31 It is well established that we review a grant of summary judgment de novo, employing the same methodology as the circuit court. Palisades Collection LLC v. Kalal , 2010 WI App 38, ¶ 9, 324 Wis. 2d 180, 781 N.W.2d 503. A party is entitled to summary judgment if there is no genuine issue of material fact and that party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2). As relevant here, we first examine the moving party's submissions to determine whether they constitute a prima facie case for summary judgment. Palisades , 324 Wis. 2d 180, ¶ 9, 781 N.W.2d 503.
*235 ¶32 The parties do not dispute that, to be entitled to summary judgment, the Bank must prove that it has the right to enforce the Klomstens' note, and that to do so here the Bank must establish that it is the current holder of the note. See PNC Bank, N.A. v. Bierbrauer , 2013 WI App 11, ¶ 10, 346 Wis. 2d 1, 827 N.W.2d 124 (2012) (stating that to be entitled to summary judgment in a foreclosure action, the plaintiff "had to prove it had the right to enforce the Bierbrauer's note" and that the plaintiff "made a prima facie case that it was entitled to enforce the note by establishing that it was the current holder of the note"). As stated, "holder" is a legal term that means, in the context of this case, "[t]he person in possession of a [note] that is payable either to bearer or to an identified person that is the person in possession." WIS. STAT. § 401.201(2)(km)1. Thus, the Bank must show that it is in possession of the original note. However, the Bank points to no admissible evidence presented to the circuit court on summary judgment showing that the Bank possesses the original note.[6] Rather, the Butler affidavit expressly avers that the servicer, not the Bank, possesses the note.
*373 ¶33 The Bank concedes that "Butler did not testify that the original note was in possession of [the Bank.]" The Bank explains this omission as follows:
This is because she was referring to the ownership interest, not the original physical document. The Butler Affidavit demonstrates that [the Bank] owns the *236 note, but [the servicer] physically holds the original note. When a party is servicing the mortgage loan for another, "possession" by one is interpreted to mean possession by either, along with the ability to enforce the Note.
¶34 Notable in this explanation is the absence of any citation to an averment showing that the Bank owns or possesses the note, or to any legal authority supporting the remaining propositions. As to the absence of averments, our review of the Butler affidavit reveals no averment connecting the Bank to the Klomstens' note other than the averment that Butler's employer is the servicer for the Bank "in relation to the loan that is the subject of this litigation." That averment alone does not support the statement that the Bank owns or possesses the note. Nor do the attachments to the affidavit include any reference to the Bank.
¶35 As to the absence of legal authority, the Bank points out that we have ruled that a servicer of a loan may, with proper foundation, testify that a bank possesses the original note, citing Bierbrauer , 346 Wis. 2d 1, ¶ 10, 827 N.W.2d 124. However, the Bank points to no legal authority stating that a bank may enforce a note endorsed in blank that is in the possession of another, including the entity that services the loan for the bank. A note endorsed in blank is payable to the bearer and is negotiated by transfer of possession alone. See WIS. STAT. §§ 403.201(1), 403.205(2). Under this principle, because the Klomstens' note is endorsed in blank, the Bank is entitled to enforce the note only if it possesses the note. However, as discussed above, the Bank fails to identify any admissible evidence presented on summary judgment that it possesses the original note. Therefore, the Bank fails to make a prima facie case showing that it is entitled to summary judgment.
*237 ¶36 Because we remand for further proceedings, which may include additional motions for summary judgment, we also address the issue of whether the copy of the note attached to the Butler affidavit is a copy of the original note. See Dow Family , 350 Wis. 2d 411, ¶¶ 20-24, 838 N.W.2d 119 (ruling that PHH failed to make a prima facie case for summary judgment when it did not submit evidence sufficient to support a finding that the copy of the note submitted on summary judgment was a true and correct copy of the original note). The attachment to the Butler affidavit consists of a note and two allonges, with the second allonge being an endorsement in blank.[7] We refer to this attachment as the note-as-endorsed. The Butler affidavit makes the following averments about a note:
That on April 14, 2003, defendant mortgagors signed a note and promised to pay the original principal balance of $219,300.00 plus interest in accordance with the provisions of said note. Shellpoint Mortgage Servicing directly or through an agent has possession of the promissory note. The original note is currently in possession of counsel for Shellpoint Mortgage Servicing ... due to pending litigation. A true and correct copy of the endorsed Note is attached *374 hereto as Exhibit F. Accordingly, Plaintiff has the right to foreclose.
¶37 As can be seen, the Butler affidavit uses the following terms in this paragraph: the "note" executed by the Klomstens, the "promissory note" now possessed by the servicer, the "original note" currently possessed by the servicer's counsel, and the copy of the "endorsed Note" attached to the affidavit. We acknowledge *238 that it might be inferred from these various terms that the note-as-endorsed that is attached to the affidavit is a copy of the original note-as-endorsed that is in the possession of the servicer. However, on summary judgment we are to draw all inferences in favor of the nonmoving party, here, the Klomstens. H & R Block Eastern Enterprises, Inc. v. Swenson , 2008 WI App 3, ¶ 11, 307 Wis. 2d 390, 745 N.W.2d 421 (2007). We conclude that we cannot draw the necessary inference that the note-as-endorsed that is attached to the Butler affidavit is a copy of the original note-as-endorsed, regardless of who possesses it.
¶38 In sum, we conclude that the Bank fails to make a prima facie case that it is the proper plaintiff in this foreclosure action because it fails to present admissible evidence that it possesses the original note.
CONCLUSION
¶39 For the reasons stated, we reverse the circuit court's grant of summary judgment in favor of the Bank and remand the case for further proceedings.
By the Court. -Judgment reversed and cause remanded.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

We, like the parties, use the term "complaint" to refer to the amended complaint filed by the Bank, in which the Bank changed the relief it sought from foreclosure with a twelve-month redemption period and a deficiency judgment, to foreclosure with a six-month redemption period and no deficiency judgment.

The attorney's affidavit also avers that "no Answer has been received or filed that presents any factual basis upon which to deny the material allegations of the Complaint," which is simply wrong.

We need not address whether the thirty-year statute of limitations applies, because the Klomstens do not argue that this foreclosure action is untimely if the six-year statute of limitations does not bar it.

An instrument may be enforced in other limited circumstances, neither of which the Bank argues apply in this case. See Wis. Stat. § 403.309 (lost, destroyed or stolen instruments) and Wis. Stat. § 403.418(4) (payment or acceptance by mistake).

The Bank asserts that it "produced the original note at trial." However, there was no trial in this case, and the Bank does not cite, nor has our review revealed, any part of the record showing that the Bank ever produced the original note during the circuit court proceedings.

"An allonge is a slip of paper attached to a negotiable instrument for the purposes of receiving an endorsement." Bierbrauer , 346 Wis. 2d 1, ¶ 7 n.2, 827 N.W.2d 124.