COURT OF APPEALS
DECISION
DATED AND FILED

July 18, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP475**

STATE OF WISCONSIN

Cir. Ct. No. 2022CV114

IN COURT OF APPEALS
DISTRICT IV

---

LAKEVIEW LOAN SERVICING, LLC,

 PLAINTIFF-RESPONDENT,

 V.

JEREMY M. BASTIN AND NICOLE A. BASTIN,

 DEFENDANTS-APPELLANTS.

---

APPEAL from a judgment of the circuit court for Jefferson County: ROBERT F. DEHRING, JR., Judge. *Reversed and cause remanded*.

Before Kloppenburg, P.J., Nashold, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.  This is a foreclosure action initiated by Lakeview Loan Servicing, LLC against Jeremy and Nicole Bastin.  The circuit court granted Lakeview's motion for summary judgment of foreclosure on a note and mortgage executed by the Bastins in 2015.  The Bastins appeal, arguing that Lakeview is not entitled to summary judgment because:  Lakeview's submissions in support of summary judgment do not establish a prima facie case that Lakeview is the proper plaintiff in this foreclosure action because those submissions fail to show that Lakeview possesses the original note; there are "broken chains" of endorsements on the note and assignments of the mortgage; the affidavits that Lakeview submitted to support its motion are deficient in various respects; the note prohibits acceleration under federal regulations; and the Department of Housing and Urban Development (HUD) is an indispensable or necessary party.

¶2      We conclude that Lakeview fails to make a prima facie case that it is the proper plaintiff in this foreclosure action because its summary judgment submissions do not present facts showing that it possesses the original note.  We also reject the Bastins' remaining arguments.  Accordingly, we conclude that Lakeview is not entitled to summary judgment of foreclosure and, therefore, we reverse and remand the case to the circuit court.

## BACKGROUND

¶3      The following facts are undisputed for purposes of summary judgment.[1]

---

[1] We note that the parties' briefs do not comply with the following rules and remind them of their obligation to comply with these rules.

(continued)

¶4     The Bastins executed a note secured by a mortgage in 2015. Lakeview filed this foreclosure action in Jefferson County circuit court in April 2022, seeking a judgment of foreclosure based on its allegations that it is the "current holder of a certain note and recorded mortgage" on property owned by the Bastins, that the Bastins failed to make timely payments, and that the Bastins owe Lakeview the principal sum of $155,401.18 together with interest accruing from February 1, 2020. Lakeview attached as exhibits to its complaint what it alleged are "true" copies of the note and mortgage. The note is endorsed in blank. On the day after Lakeview filed the complaint, it also filed with the Jefferson County Register of Deeds a lis pendens providing notice of the foreclosure action on the Bastins' property. The Bastins, pro se, timely filed an answer to the complaint.

---

On appeal, a party must include appropriate factual references to the record in its briefing. WIS. STAT. RULE 809.19(1)(d)-(e) (2021-22). The Bastins' citations in support of their factual assertions are instead to their appendix, and many of Lakeview's citations are likewise to the Bastins' appendix. The appendix is not the record. *United Rentals, Inc. v. City of Madison*, 2007 WI App 131, ¶1 n.2, 302 Wis. 2d 245, 733 N.W.2d 322. The Bastins compound this error by failing to identify the record numbers to which their appendix corresponds in their appendix's table of contents.

The parties' briefs also do not comply with WIS. STAT. RULE 809.19(8)(bm), which addresses the pagination of appellate briefs. *See* RULE 809.19(8)(bm) (providing that, when paginating briefs, parties should use "Arabic numerals with sequential numbering starting at '1' on the cover"). This rule has recently been amended, *see* S. CT. ORDER 20-07 (eff. July 1, 2021), and the reason for the amendment is that briefs are now electronically filed in PDF format, and are electronically stamped with page numbers when they are accepted for e-filing. As our supreme court explained when it amended the rule, the new pagination requirements ensure that the numbers on each page of a brief "will match … the page header applied by the eFiling system, avoiding the confusion of having two different page numbers" on every page of a brief. S. CT. ORDER 20-07 cmt.at xl.

And the Bastins' briefs generally refer to the parties by their status on appeal, and not by their names, contrary to WIS. STAT. RULE 809.19(1)(i).

All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

¶5 In December 2022, Lakeview filed a motion for summary judgment along with a supporting brief and affidavits by Lakeview's counsel and Tina Marie Braune, a "Doc Ex Associate" of Nationstar Mortgage LLC d/b/a Mr. Cooper. The Bastins filed a brief opposing Lakeview's summary judgment motion. The circuit court held a hearing on the motion and, on February 1, 2023, granted the motion and entered a summary judgment order of foreclosure.[2]

¶6 The Bastins appeal.[3]

## DISCUSSION

¶7 We review a grant of summary judgment de novo, employing the same methodology as the circuit court. *Palisades Collection LLC v. Kalal*, 2010 WI App 38, ¶9, 324 Wis. 2d 180, 781 N.W.2d 503. First we determine whether the pleadings set forth a claim for relief. *Baumeister v. Automated Products, Inc.*, 2004 WI 148, ¶12, 277 Wis. 2d 21, 690 N.W.2d 1. If they do, we next examine the moving party's submissions to determine whether they establish a

---

[2] The Bastins filed several postjudgment motions seeking to "void" the judgment, all of which were summarily denied by the circuit court. The Bastins do not challenge these denials on appeal.

[3] After the Bastins filed their notices of appeal from the circuit court's order granting summary judgment of foreclosure in favor of Lakeview, the Bastins filed a motion to stay the judgment pending appeal, but the record does not contain a decision on the motion. Our review of the entries in the Consolidated Court Automation Programs ("CCAP") record for this case indicates that the court denied the Bastins' motion in a memorandum decision dated June 8, 2023. This court may generally take judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," which may include CCAP records. *See* WIS. STAT. § 902.01; *Kirk v. Credit Acceptance Corp.*, 2013 WI App 32, ¶5 n.1, 346 Wis. 2d 635, 829 N.W.2d 522.

The Bastins filed their notices of appeal in March 2023. The Bastins requested and were granted multiple extensions of the briefing deadlines, and the appeal was submitted to this court in June 2024.

prima facie case for summary judgment. *Palisades*, 324 Wis. 2d 180, ¶9. If they do, we then examine the opposing party's submissions to determine whether material facts are in dispute entitling the opposing party to a trial. *Id.* A party is entitled to summary judgment if there is no genuine issue of material fact and that party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2).

¶8 The Bastins argue that Lakeview is not entitled to summary judgment on several grounds. As we explain, we agree that Lakeview's submissions do not establish a prima facie case for foreclosure because its submissions do not present facts showing that it possesses the original note and, therefore, that it is the proper plaintiff in this foreclosure action. We also explain why we reject the Bastins' remaining arguments to the extent that they may seek to renew those arguments on remand.[4]

## I. Lakeview fails to make a prima facie case for summary judgment that it possesses the original note.

¶9 To foreclose on a mortgage that secures an instrument, a party must show that it is entitled to enforce the instrument by proving that it is the "holder" of the instrument or "a nonholder in possession of the instrument who has the rights of a holder."[5] WIS. STAT. § 403.301. In this case, the instrument is the note. Generally speaking, a "holder" is the person in possession of the note. WIS. STAT. § 401.201(2)(km)1. (a "holder" is "[t]he person in possession of a [note] that is

---

[4] The Bastins at times frame their various arguments in terms of whether Lakeview has "standing to foreclose." We understand them to be arguing that Lakeview fails to establish that it is the proper plaintiff, and we address their arguments in that context.

[5] An instrument may be enforced in other limited circumstances, none of which Lakeview argues apply in this case. *See* WIS. STAT. § 403.309 (lost, destroyed or stolen instruments) and WIS. STAT. § 403.418(4) (payment or acceptance by mistake).

payable either to bearer or to an identified person that is the person in possession"). "Bearer" includes a person in possession of an instrument endorsed in blank. *Deutsche Bank Nat'l Tr. Co. v. Wuensch*, 2018 WI 35, ¶21, 380 Wis. 2d 727, 911 N.W.2d 1 (citing WIS. STAT. § 401.201(2)(cm)). A note endorsed in blank is payable to the bearer and is negotiated by transfer of possession alone. *See* WIS. STAT. §§ 403.201(1), 403.205(2).

¶10 Here, the note is endorsed in blank and, accordingly, in order to make a prima facie case that it is entitled to a judgment of foreclosure on the mortgage that secures the note, Lakeview must submit sufficient evidence showing that it possesses the note. Conversely, as we have repeatedly ruled, when the note is endorsed in blank, the plaintiff fails to make a prima facie case for summary judgment of foreclosure when the plaintiff does not submit evidence sufficient to support a finding that it possesses the original note. *See, e.g.*, *Bank of New York Mellon v. Klomsten*, 2018 WI App 25, ¶32, 381 Wis. 2d 218, 911 N.W.2d 364 (to be entitled to summary judgment, a foreclosure plaintiff must prove that it is entitled to enforce a note endorsed in blank by establishing that it possesses the note).

¶11 The evidence submitted by Lakeview does not establish that it possesses the original note. Lakeview submitted two affidavits in support of its motion for summary judgment. One affidavit, by its counsel, is silent on the issue of the possession of the note. The other affidavit is by Tina Marie Braune, who avers that she is a "Document Ex Associate" of Nationstar Mortgage LLC d/b/a Mr. Cooper (Nationstar), which is the current servicer of the Bastins' loan. Braune's only averment regarding the note is, "The custodian has possession of the Note." This averment is insufficient to establish a prima facie case that Lakeview possesses the original note.

¶12     On its face, this averment does not identify "the custodian" that possesses the note and, therefore, it is insufficient to establish that Lakeview possesses the note. To the extent that Lakeview means to interpret this averment as implying that Nationstar possesses the note, Lakeview cites no legal authority supporting the proposition that a foreclosure plaintiff is entitled to enforce a note possessed by another, such as the servicer or an unidentified agent. *See Bank of New York Mellon*, 381 Wis. 2d 218, ¶35 (noting that the Bank "points to no legal authority stating that a bank may enforce a note endorsed in blank that is in the possession of another, including the entity that services the loan for the bank").

¶13     In addition, Lakeview presents no affidavit containing an averment attaching the original note or a certified copy of the note. *See Deutsche Bank Nat'l Trust Co.*, 380 Wis. 2d 727, ¶26 ("'Without the original note, or a properly authenticated copy, there is no showing that [plaintiff] is entitled to enforce the note as the party in possession of a note endorsed in blank.'") (quoting *Dow Family, LLC v. PHH Mortgage Co.*, 2013 WI App 114, ¶¶15, 24, 350 Wis. 2d 411, 838 N.W.2d 119). To the extent that Lakeview may mean to rely on the allegation in the complaint that "a true copy of the note is attached hereto as Exhibit A and is incorporated by reference," nothing in the attached document demonstrates that Lakeview has possession of the original note.

¶14     Lakeview argues that it alleged, and the Bastins in their answer did not deny, that it is "the current holder" of the attached note. However, "holder" is a legal term that means, in the context of this case, "[t]he person in possession of a [note] that is payable either to bearer or to an identified person that is the person in possession." WIS. STAT. § 401.201(2)(km)1.; *see Bank of New York Mellon*, 381 Wis. 2d 218, ¶32 ("holder" is a legal term). Lakeview cites no legal authority supporting the proposition that a defendant has an obligation to deny an alleged

legal conclusion. The complaint's allegation of this legal conclusion does not constitute evidence of the necessary supporting fact that Lakeview possesses the original note. Moreover, the Bastins did in their answer indicate that this allegation stated a conclusion of law that they did not need to admit or deny.

¶15 In sum, we conclude that Lakeview does not establish a prima facie case that it is the proper plaintiff in this foreclosure action because its submissions do not present facts showing that it possesses the original note. Accordingly, it is not entitled to summary judgment on its foreclosure claim.

## II. We reject the Bastins' other arguments against summary judgment.

¶16 The Bastins argue that there are "broken chains" of endorsements on the note and assignments of the mortgage. As to the note, the Bastins argue that the endorsement from Flagstar Bank to blank is invalid because there is no endorsement from Ace Lending, the "loan originator," to Flagstar Bank. Lakeview responds that the Bastins have forfeited this argument because they did not raise it in the circuit court. The Bastins do not show otherwise in their reply brief, and our review of their response to Lakeview's motion and their arguments at the summary judgment hearing confirm that Lakeview is correct. We generally do not consider issues raised for the first time on appeal. *See State v. Huebner*, 2000 WI 59, ¶10, 235 Wis. 2d 486, 611 N.W.2d 727. We conclude that the Bastins have both forfeited their right to raise this argument on appeal and failed to provide a persuasive reason that we should entertain the argument despite their failure to preserve it in the circuit court.

¶17 The Bastins also argue that the affidavits that Lakeview submitted to support its motion are deficient in various respects. As to the Braune affidavit, they argue that Braune's averments about the records of the Bastins' loan payment

history and the amounts due on the loan are inadmissible hearsay. We agree with Lakeview that the Bastins forfeited this argument because they failed to raise it in the circuit court. Moreover, regardless of whether Braune had the personal knowledge to support her averments about the records showing the Bastins' default and the amounts due on the loan, the Bastins did not in their answer deny their default or the amounts due as alleged in the complaint. As to the affidavit by Lakeview's counsel, attaching copies of the mortgage assignments and certain documents filed by the Bastins, they assert that the affidavit "is of no probative value," but do not develop any argument supporting this assertion. In sum, we reject the Bastins' arguments as to purported deficiencies in Lakeview's affidavits as forfeited and undeveloped. *See State v. McMorris*, 2007 WI App 231, ¶30, 306 Wis. 2d 79, 742 N.W.2d 322 (stating that court of appeals may choose not to consider arguments unsupported by references to relevant legal authority and relevant legal reasoning).

¶18 The Bastins also argue that the note prohibits acceleration under federal regulations. They point to language in the note saying, "This Note does not authorize acceleration when not permitted by HUD regulations." However, they fail to identify any HUD regulations that do not permit acceleration in the circumstances here. Accordingly, we reject this argument as unsupported by relevant legal authority.

¶19 The Bastins also argue that HUD is an indispensable or necessary party. They direct us to the document they submitted in the circuit court in which Jeremy Bastin purports to assign the Bastins' note to the Secretary of HUD and which is signed by Kristen Kellogg "as [Jeremy Bastin's] attorney-in-fact." The circuit court rejected the Bastins' reliance on this document, reasoning that it is not a valid assignment because it is unsigned and unauthorized by the Secretary of

HUD. The Bastins do not develop an argument showing that the court erred, and we reject their argument on that basis.

## CONCLUSION

¶20 For the reasons stated, we reverse the summary judgment of foreclosure and remand the case to the circuit court for further proceedings.

*By the Court.*—Judgment reversed and cause remanded.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.