COURT OF APPEALS
DECISION
DATED AND FILED

December 11, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP2254**

STATE OF WISCONSIN

Cir. Ct. No. 2023SC5615

IN COURT OF APPEALS
DISTRICT IV

---

AMY STEINBERGER,

    PLAINTIFF-APPELLANT,

 V.

SANTANDER CONSUMER USA, INC.,

    DEFENDANT-RESPONDENT.

---

APPEAL from an order of the circuit court for Dane County: JACOB B. FROST, Judge. *Affirmed.*

¶1 KLOPPENBURG, J.[1] Amy Steinberger purchased a vehicle on an installment contract. After Steinberger missed payments, Santander Consumer

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

USA, Inc., repossessed and sold the vehicle. Steinberger then sued Santander in small claims court, alleging that Santander's actions had violated provisions of the Uniform Commercial Code ("UCC") and the Wisconsin Consumer Act ("WCA"). The circuit court granted summary judgment for Santander and dismissed Steinberger's claims with prejudice.

¶2 Steinberger appeals, arguing that Santander's pre- and post-sale notices to her violated the WCA because they failed to inform her that she was liable for the difference between the amount she owed on the contract and the fair market value of the vehicle, and that Santander's sale of the vehicle violated the UCC because it was commercially unreasonable.

¶3 Steinberger's arguments fail for the following reasons. This court recently (after the briefing in this case) issued a published decision holding that pre- and post-sale notices are not required to give information about fair market value; this decision forecloses Steinberger's arguments under the WCA. *Birge v. Simplicity Credit Union*, 2025 WI App 62, __ Wis. 2d __, __ N.W.3d __. As to the UCC argument that the sale was commercially unreasonable, I conclude that Santander's summary judgment filings establish a prima facie case that the sale was reasonable, and that Steinberger's filings do not show the existence of a

genuine issue of material fact. Accordingly, I affirm the circuit court's order granting summary judgment for Santander and dismissing Steinberger's claims.[2]

## BACKGROUND

¶4      In 2013, Steinberger bought a vehicle on an installment contract, and the contract was assigned to Santander. In 2022, Santander non-judicially repossessed the vehicle after Steinberger failed to make payments. Santander then sent Steinberger a document titled "Notice of Our Plan to Sell Property" (the "pre-sale notice"). That notice contained the following language:

> The money we get from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you will still owe us the difference. If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

¶5      Santander sold the vehicle at auction later that year for $1,500. It then sent Steinberger a document titled "Explanation of Calculation of Surplus or Deficiency" (the "post-sale notice") with Santander's calculation of what it asserted Steinberger still owed on the installment contract after the sale. This calculation subtracted the $1,500 sale proceeds from Steinberger's prior balance, while it added costs associated with the repossession and sale of the vehicle.

---

[2] Steinberger's appellate briefs do not comply with WIS. STAT. RULE 809.19(8)(bm), which addresses the pagination of appellate briefs. *See* RULE 809.19(8)(bm) (providing that, when paginating briefs, parties should use "Arabic numerals with sequential numbering starting at '1' on the cover"). This rule was amended in 2021, *see* S. CT. ORDER 20-07 (eff. July 1, 2021), and the reason for the amendment is that briefs are now electronically filed in PDF format, and are electronically stamped with page numbers when they are accepted for eFiling. As our supreme court explained when it amended the rule, the new pagination requirements ensure that the numbers on each page of a brief "will match … the page header applied by the eFiling system, avoiding the confusion of having two different page numbers" on every page of a brief. S. CT. ORDER 20-07.

Notably for purposes of this opinion, like the pre-sale notice, the post-sale notice did not mention "fair market value" or any equivalent phrase.

¶6    Santander has not filed an action seeking to collect the amount that it asserted Steinberger still owed.

¶7    Steinberger filed this action, alleging among other things that the pre- and post-sale notices failed to comply with provisions of the WCA, and that Santander had disposed of the vehicle in a commercially unreasonable way.  Both parties moved for summary judgment.  The circuit court granted judgment for Santander and dismissed Steinberger's claims.  Steinberger appeals.

## DISCUSSION

¶8    This court reviews a grant of summary judgment de novo, using the same methodology employed by the circuit court.  ***Bank of New York Mellon v. Klomsten***, 2018 WI App 25, ¶31, 381 Wis. 2d 218, 911 N.W.2d 364.  The moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  WIS. STAT. § 802.08(2).

¶9    This case concerns the interaction of two portions of the Wisconsin Statutes, each of which regulates aspects of the repossession and sale of collateral after consumer default on a loan.  The enactments are the state's adoption of the Wisconsin Consumer Act (WIS. STAT. chs. 421-29) and the Uniform Commercial Code (WIS. STAT. chs. 401-11).

¶10    Steinberger argues that provisions of the WCA—specifically, provisions reducing a consumer's debt by the "fair market value" of repossessed

4

and resold property—are effectively incorporated into the UCC provisions requiring a creditor to send certain notices to the consumer before and after resale. Thus, according to Steinberger, Santander violated the law when it sent both the pre- and post-sale notices, because these notices did not say that Steinberger's liability would be reduced by the fair market value of the vehicle; they instead conveyed that the vehicle's sale price was the relevant figure.

¶11 Steinberger's legal theory was recently rejected by this court in a published decision, *Birge*, 2025 WI App 62. As *Birge* explained, the relevant provisions of the WCA and the UCC are consistent: pre- and post-sale notices are not required to invoke the concept of fair market value; fair market value comes into play when a creditor seeks a deficiency judgment. *Id.*, ¶¶21-28. *Birge* controls as to Steinberger's arguments that the pre- and post-sale notices were invalid, and requires that her arguments on this issue be rejected.

¶12 Steinberger also argues that Santander's sale of the repossessed vehicle at auction was not commercially reasonable, and that this makes Santander liable to her under WIS. STAT. § 409.610(2), a UCC provision which requires that "[e]very aspect of a disposition of collateral, including the method, manner, time, place, and other terms, must be commercially reasonable." In support of this argument, Steinberger points to two facts: the fact that the sale occurred at a dealer-only auction, which Steinberger contends "inherently limit[s] the pool of potential buyers … suppressing sale prices"; and that the sale price of the vehicle was $1,500.

¶13 I conclude that the parties' summary judgment filings establish that Santander is entitled to summary judgment on the issue of whether the sale was commercially reasonable. As the circuit court noted, Santander's summary

judgment filings "provide[] evidence including an extensively detailed description of the process used to evaluate the [vehicle] for sale, identify defects, and assess a price based on comparable sales at auction." Santander's summary judgment filings further "provide[] proof that the vehicle was in poor condition, containing multiple items of damage to multiple areas of the vehicle." Given the condition of the repossessed vehicle and the information Santander provided about the sale, Santander has established a prima facie case that the sale was commercially reasonable. Steinberger, as also noted by the circuit court, offers "no evidence whatsoever to contest any aspect of [the] sale" and does not "explain any deficiencies in the process." As she did in the circuit court, Steinberger responds by pointing to the $1,500 sale price and asserting, without supporting evidence or authority, that it is "grossly inadequate;" and by pointing to information that Santander did not provide and asserting, also without supporting evidence or authority, that the missing information is necessary to show that the sale was commercially reasonable.

¶14 Steinberger's bare assertions do not establish the existence of "disputed material facts, or undisputed material facts from which reasonable alternative inferences could be drawn" such as would entitle her to a trial. *Baumeister v. Automated Prods., Inc.*, 2004 WI 148, ¶12, 277 Wis. 2d 21, 690 N.W.2d 1. Accordingly, Steinberger fails to show that Santander is not entitled to summary judgment on this issue.

## CONCLUSION

¶15 For the reasons stated, the order of the circuit court is affirmed.

*By the Court.*—Order affirmed.

6

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.