PNC BANK, N.A., Plaintiff-Respondent,

v.

Bryan L. BIERBRAUER and Lora L. Bierbrauer,
Defendants-Appellants,

FIRST FRANKLIN FINANCIAL CORPORATION, Defendant.

Court of Appeals

*No. 2012AP456. Submitted on briefs November 6, 2012.
—Decided November 20, 2012*

2013 WI App 11

(Also reported in 827 N.W.2d 124.)

On behalf of the defendants-appellants, the cause was submitted on the briefs of *James T. Remington* of *Remington Law Offices, LLC*, New Richmond.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Christopher C. Drout* of *Gray & Associates, LLP*, New Berlin.

Before Hoover, P.J., Mangerson, J. and Thomas Cane, Reserve Judge.

¶ 1. CANE, J. Bryan and Lora Bierbrauer appeal a judgment of foreclosure entered in favor of PNC Bank, N.A. The Bierbrauers argue the circuit court erred by granting PNC's summary judgment motion. They contend there is a disputed issue of material fact as to whether PNC has the right to enforce the underlying note. We disagree and affirm.

## BACKGROUND

¶ 2. PNC brought this foreclosure action against the Bierbrauers, alleging that it was the "current owner and holder of a certain note and recorded mortgage" encumbering the Bierbrauers' property and that the Bierbrauers were in default. PNC attached certified copies of the note and mortgage to its complaint. Both the note and mortgage listed First Franklin, a Division of National City Bank of Indiana as the "lender." The Bierbrauers answered PNC's complaint and, as an affirmative defense, stated, "[O]ur original loan was with First Franklin . . . . We demand proof that [PNC] is the proper holder of the note and mortgage."

¶ 3. PNC subsequently moved for summary judgment. In support, it submitted the affidavit of Merlobel Custodio, a document control officer for Select Portfolio Servicing, Inc., the servicer of the Bierbrauers' loan. Custodio averred that Select Portfolio Servicing "has

possession, control, and responsibility for the accounting and other mortgage loan records relating to the [Bierbrauers'] mortgage loan[.]" She further stated, "I make this affidavit from my personal inspection of said records and from my own personal knowledge of how these records are created and kept and maintained." Custodio then averred that PNC "is the current holder of said note and mortgage." Finally, she asserted that the Bierbrauers were in default and owed PNC $159,026.33.

¶ 4.   The Bierbrauers did not file any written response to PNC's summary judgment motion. However, at the motion hearing, they argued PNC was not entitled to summary judgment because Custodio's affidavit did not establish PNC's right to enforce the note.[1] The circuit court agreed, concluding PNC had not established a prima facie case that PNC was the holder of the note. The court therefore denied summary judgment.

¶ 5.   PNC moved for reconsideration. The Bierbrauers did not respond to PNC's motion or appear at the motion hearing. The court reversed its earlier decision and granted summary judgment in favor of PNC. The court reasoned the Bierbrauers had failed to submit any affidavit or other evidence in opposition to PNC's summary judgment motion and had therefore failed to raise a genuine issue of material fact as to PNC's right to enforce the note.

¶ 6.   The Bierbrauers then moved for reconsideration. They also moved to compel PNC to respond to their request for production of documents, which sought "copies of all assignments of the mortgage from First Franklin to any subsequent assignees[.]" The court held a hearing on the Bierbrauers' motions. The

---

[1] The Bierbrauers did not argue that any other disputed issues of material fact prevented the circuit court from granting summary judgment.

Bierbrauers contended they had not presented any documentary evidence in opposition to summary judgment because PNC never responded to their request for production. PNC asserted it had mailed the requested documents to the Bierbrauers' attorney, but he denied receiving them. PNC then agreed to resend the documents, and the Bierbrauers stated that, after receiving the documents, they would tell the court how they wished to proceed.

¶ 7. The Bierbrauers subsequently forwarded to the court the following documents they received from PNC: (1) an "Assignment of Mortgage" from First Franklin, a Division of National City Bank of Indiana to First Franklin Financial Corporation; (2) a note allonge[2] indicating that "FFFC f/n/a First Franklin Financial Corp" endorsed the note in blank; (3) a note allonge indicating that National City Bank of Pennsylvania endorsed the note in blank; and (4) an "Affidavit Regarding Lost or Misplaced Assignment" indicating that PNC purchased the note. The Bierbrauers asserted these documents did not establish that PNC was the proper holder of the note and mortgage. They therefore demanded a trial to the court.

¶ 8. After reviewing the file, the court denied the Bierbrauers' reconsideration motion and reaffirmed its earlier decision granting PNC summary judgment. The court reiterated that PNC made a prima facie case that it was entitled to enforce the note and that the Bierbrauers failed to provide contrary evidence to establish a factual dispute. The court entered a judgment of foreclosure in favor of PNC, and the Bierbrauers appeal.

---

[2] An allonge is a slip of paper attached to a negotiable instrument for the purpose of receiving an endorsement. *See* BLACK'S LAW DICTIONARY 83 (8th ed. 2004).

## DISCUSSION

¶ 9.    We review a grant of summary judgment independently, using the same methodology as the circuit court. *Hardy v. Hoefferle*, 2007 WI App 264, ¶ 6, 306 Wis. 2d 513, 743 N.W.2d 843. Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2).[3] "We examine the moving party's submissions to determine whether they constitute a prima facie case for summary judgment. If they do, then we examine the opposing party's submissions to determine whether there are material facts in dispute that entitle the opposing party to a trial." *Palisades Collection LLC v. Kalal*, 2010 WI App 38, ¶ 9, 324 Wis. 2d 180, 781 N.W.2d 503 (citations omitted).

¶ 10.    The parties agree that, to be entitled to summary judgment, PNC had to prove it had the right to enforce the Bierbrauers' note. PNC argues it made a prima facie case that it was entitled to enforce the note by establishing that it was the current holder of the note. We agree. The "holder" of an instrument has the right to enforce that instrument. WIS. STAT. § 403.301. In support of its summary judgment motion, PNC offered Custodio's affidavit, which states that PNC is the current holder of the note and mortgage. The Bierbrauers argue Custodio's affidavit cannot establish that PNC is the holder of the note because it "does not establish that Ms. Custodio has personal knowledge regarding the transfer of possession from First Franklin to PNC to prove that PNC is the holder[.]" However,

---

[3] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

6

Custodio averred that her employer had possession of the "accounting and other mortgage loan records" relating to the Bierbrauers' loan. She further averred she made her affidavit "from [her] personal inspection of said records[.]" Thus, Custodio's assertion that PNC was the current holder of the note was based on personal knowledge. Accordingly, PNC made a prima facie case that it was the holder and was entitled to enforce the note.

■

¶ 11.  Because PNC made a prima facie case for summary judgment, we next consider whether the Bierbrauers' submissions raised a genuine issue of material fact necessitating a trial. *See Palisades Collection*, 324 Wis. 2d 180, ¶ 9. As the circuit court noted, the Bierbrauers did not submit any affidavits or other evidence in opposition to PNC's summary judgment motion. Consequently, they provided nothing to rebut Custodio's assertion that PNC is the current holder of the note. As a result, they failed to raise a genuine issue of fact regarding PNC's right to enforce the note, and the court properly granted summary judgment in PNC's favor.

¶ 12.  Moreover, after moving for reconsideration, the Bierbrauers submitted documents showing that the original issuer of the note assigned it to First Franklin Financial Corporation. First Franklin Financial Corporation then endorsed the note in blank. The note was again endorsed in blank, this time by National City Bank of Pennsylvania. Ultimately, the note was purchased by PNC. "If endorsed in blank, an instrument becomes payable to bearer[.]" Wis. Stat. § 403.205(2). It is undisputed that PNC is the bearer of the note, and that the note was endorsed in blank. Pursuant to § 403.205(2), the note is therefore payable to PNC.

Thus, on reconsideration, additional undisputed evidence established PNC's right to enforce the note. Based on this evidence, the court properly denied the Bierbrauers' motion for reconsideration and reaffirmed its earlier summary judgment ruling.

*By the Court.*—Judgment affirmed.