SEIDL, J.[1]
¶1 Brandon appeals circuit court orders terminating his parental rights to his two children pursuant to WIS. STAT. § 48.415(4) based on the petition of Diane, who is Brandon's former spouse and the children's mother.[2] Brandon argues the court erred by: (1) granting Diane's partial summary judgment motion determining that grounds exist for the termination of Brandon's parental rights; (2) determining that the termination of his parental rights is in the best interests of his children; and (3) denying his motion to supplement the records before appeal. We disagree on each issue and affirm.[3]
BACKGROUND
¶2 Pursuant to an April 2012 divorce judgment, the family court[4] granted each party joint legal custody and shared physical placement of their minor children, Molly and Larry. In October 2016, Brandon was convicted on his guilty pleas of two counts of misdemeanor battery that involved both Molly and Larry, who were eight and six years old, respectively. The criminal court[5] withheld Brandon's sentence and ordered two years' probation with conditions that prohibited him from having contact with Diane, Molly, and Larry.
¶3 On November 22, 2016, the family court modified the parties' April 2012 divorce judgment pursuant to Brandon's and Diane's stipulation (the "November 2016 order"). The November 2016 order provided that Diane would have sole legal custody and physical placement of Molly and Larry, and that Brandon would not have any contact with the children.
¶4 One year later, Diane petitioned the circuit court to terminate Brandon's parental rights to Molly and Larry. As grounds, Diane alleged Brandon had been denied periods of physical placement by a family court order for at least one year. See WIS. STAT. § 48.415(4). That same day, Diane also petitioned for a temporary order and injunction that would prohibit Brandon from contacting and visiting the children during the pendency of the TPR proceedings. The court granted the petition.[6]
¶5 Brandon contested the TPR petitions. In January 2018, Diane moved for partial summary judgment that grounds existed under WIS. STAT. § 48.415(4) to terminate Brandon's parental rights and find him to be an unfit parent. In February 2018, the circuit court granted Diane partial summary judgment. The court found the undisputed facts established that the November 2016 order prohibited Brandon from having any contact with the children, that at least one year had elapsed since the order's entry, and that the order had never been subsequently modified. In March 2018, following a dispositional hearing, the court determined it was in Molly's and Larry's best interests to terminate Brandon's parental rights, and it therefore entered TPR orders.
¶6 Approximately seven months after the circuit court's decision, in October 2018, Brandon moved the court to supplement the case records for appeal. The court granted Brandon's motion in part and denied it in part.[7] For the requested items that were denied, the court concluded that it "had no authority to supplement the record[s] from other court files." Brandon moved for reconsideration, which the court denied, concluding that he could not supplement the records by "adding evidence that was never introduced" at the dispositional hearing. This consolidated appeal follows.[8] Additional facts are provided below.
DISCUSSION
I. Partial summary judgment
¶7 Brandon first argues that the circuit court erred because its granting of Diane's motion for partial summary judgment at the grounds phase of the TPR proceedings was unconstitutional. Whether a statute is unconstitutional as applied to the undisputed facts of a particular case or with respect to a particular party is a question of law that we review de novo. See State v. Herrmann , 2015 WI App 97, ¶6, 366 Wis. 2d 312, 873 N.W.2d 257.
¶8 We review a grant of summary judgment independently, using the same methodology as the circuit court. PNC Bank, N.A. v. Bierbrauer , 2013 WI App 11, ¶9, 346 Wis. 2d 1, 827 N.W.2d 124 (2012). Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2).
¶9 The purpose of summary judgment is to avoid trials when there is nothing to try. Tews v. NHI, LLC , 2010 WI 137, ¶42, 330 Wis. 2d 389, 793 N.W.2d 860. All favorable facts and all reasonable inferences must be construed in the nonmoving party's favor. Oddsen v. Henry , 2016 WI App 30, ¶26, 368 Wis. 2d 318, 878 N.W.2d 720. For this reason, the moving party shoulders the burden in TPR cases to show it is entitled to judgment as a matter of law when, "taking into consideration the heightened burden of proof specified in WIS. STAT. § 48.31(1) and required by due process," there are no genuine factual disputes "regarding the asserted grounds for unfitness under WIS. STAT. § 48.415." See Steven V. v. Kelley H. , 2004 WI 47, ¶6, 271 Wis. 2d 1, 678 N.W.2d 856.
¶10 Diane's TPR petitions alleged Brandon was unfit under WIS. STAT. § 48.415(4). Under that statute, Diane was required as part of her summary judgment motion to prove that: (1) Brandon had been denied periods of physical placement by a court order in a family action; (2) at least one year had elapsed since the court entered the family court order denying Brandon physical placement of the parties' children; and (3) the family court order had not been subsequently modified during that one-year period. See § 48.415(4).
¶11 Brandon does not assert that the circuit court erred in granting Diane partial summary judgment because disputed material facts exist.[9] Rather, Brandon argues he did not receive due process during the partial summary judgment proceedings because: (1) the court's procedure used to terminate his parental rights was "fundamentally" unfair and not "narrowly tailor[ed]"; (2) WIS. STAT. § 48.415(4) 's ground for termination "w[as] based on an impossible condition for [him] to comply with"; (3) his "fundamental right to parent" his children was infringed upon because his right was impermissibly terminated due to "improper conduct"; and (4) "continuing denial of periods of physical placement or visitation" under § 48.415(4) as a TPR ground is constitutionally impermissible.
¶12 Brandon's arguments lack merit for a number of reasons. To begin, his constitutional arguments are undeveloped. We need not address the validity of undeveloped constitutional arguments. See Barakat v. DHSS , 191 Wis. 2d 769, 786, 530 N.W.2d 392 (Ct. App. 1995). For example, Brandon's first argument broadly states that the circuit court's finding of unfitness was "fundamentally" unfair because the procedure by which his parental rights were terminated was not "narrowly tailor[ed]." Yet, his argument lacks in-depth analysis of what appears to be a substantive due process argument. See, e.g. , Dane Cty. DHS v. P.P. , 2005 WI 32, ¶¶15-22, 279 Wis. 2d 169, 694 N.W.2d 344 ; Porter v. State , 2017 WI App 65, ¶¶14-15, 378 Wis. 2d 117, 902 N.W.2d 566. In fact, at times it is not even clear whether Brandon is making a procedural or substantive due process claim in his other constitutional arguments. Nevertheless, we choose to briefly address Brandon's constitutional arguments as best we can discern them.
¶13 We first note that to the extent Brandon asserts a procedural due process violation, his arguments conflict with our supreme court's holding in Steven V. There, the court held that the use of summary judgment at the grounds phase of TPR cases-and, more specifically, when the petitioned ground is WIS. STAT. § 48.415(4) -does not violate a parent's procedural due process rights. Steven V. , 271 Wis. 2d 1, ¶¶39, 44. Brandon provides no argument for why Steven V. would not control our decision. Therefore, the circuit court did not violate Brandon's procedural due process rights in granting Diane partial summary judgment in the grounds phase of the proceedings.
¶14 Brandon's second due process argument is that WIS. STAT. § 48.415(4) 's ground for termination "w[as] based on an impossible condition for [him] to comply with." We understand Brandon to argue that it was impossible for him to have contact with his children because the November 2016 order and the probationary conditions in his criminal case prohibited him from having contact with them. His argument ignores two important facts. First, only the prohibitions set forth in the November 2016 order mattered at summary judgment, not the conditions of his probation. Second, the prohibition to which he claims impermissibly infringes on his due process rights was self-imposed. Brandon stipulated to the November 2016 order providing that Diane would have sole legal custody and sole physical placement of Molly and Larry, and that Brandon would not have any contact with the children. Having agreed to not have contact with the children, Brandon cannot now be heard to claim that very prohibition infringed upon his right to due process.
¶15 Brandon's next due process argument is that his "fundamental right to parent" his children was infringed upon and impermissibly terminated because of "improper conduct." Presumably, by "improper conduct," Brandon refers to his two battery convictions. However, while the circuit court considered his improper conduct in the best interest phase of the TPR proceedings, it was not Brandon's improper conduct, but, rather, the unmodified November 2016 order, that led to summary judgment in the grounds phase of the TPR proceedings.
¶16 Finally, Brandon provides no meaningful argument for why WIS. STAT. § 48.415(4) 's "continuing denial of periods of physical placement or visitation" TPR ground is constitutionally impermissible. In doing so, Brandon references his criminal case to assert that his right to due process at summary judgment was infringed upon. Brandon's argument fails to acknowledge § 48.415(4) 's element that grounds for unfitness are proven by entry of a circuit court order in a family court action. The court had no duty to consider matters in Brandon's criminal case because that case was not pertinent to any of § 48.415(4)(a) 's elements.
II. Best interests determination
¶17 Brandon next argues the circuit court erred by deciding that terminating his parental rights was in the best interests of Molly and Larry. Once the grounds for termination have been established, as they have here, a court's decision to terminate a parent's parental rights turns on the child's best interests. See WIS. STAT. §§ 48.01(1), 48.426(2). We review a court's determination that the termination of a parent's rights is in the child's best interests for an erroneous exercise of discretion. See Darryl T.-H. v. Margaret H. , 2000 WI 42, ¶¶27, 32, 234 Wis. 2d 606, 610 N.W.2d 475. A circuit court acts within its discretion when it examines the relevant facts, applies a proper standard of law, and, using a demonstrated rational process, reaches a conclusion that a reasonable judge could reach. Bank Mut. v. S.J. Boyer Constr., Inc. , 2010 WI 74, ¶20, 326 Wis. 2d 521, 785 N.W.2d 462.
¶18 When assessing whether termination is in a child's best interests, the circuit court "should welcome" any relevant evidence. Sheboygan Cty. DHHS v. Julie A.B. , 2002 WI 95, ¶29, 255 Wis. 2d 170, 648 N.W.2d 402. It must also consider the following six statutory factors:
(a) The likelihood of the child's adoption after termination.
(b) The age and health of the child, both at the time of the disposition and, if applicable, at the time the child was removed from the home.
(c) Whether the child has substantial relationships with the parent or other family members, and whether it would be harmful to the child to sever these relationships.
(d) The wishes of the child.
(e) The duration of the separation of the parent from the child.
(f) Whether the child will be able to enter into a more stable and permanent family relationship as a result of the termination, taking into account the conditions of the child's current placement, the likelihood of future placements and the results of prior placements.
WIS. STAT. § 48.426(3).
¶19 Here, the circuit court analyzed each of the six statutory factors and explained how they applied to these cases. The court found that the children would likely be adopted by Diane's new husband and that over two years had passed since Brandon was first prohibited from having contact with them. It found that the children would not be harmed by severing their relationship with Brandon and his family. The court further found that the children had "moved forward and [did not] care if they ha[d] contact with [Brandon]." Finally, the court explained that it was "quite concerned" about the length of time it would take for the children to "get back into a stable and permanent relationship" with Brandon, stating that "the children should not have to worry about whether they go back to a home where it is dangerous ...." The record supports the court's concern about danger to the children because Molly and Larry were the victims involved in Brandon's criminal battery case. Brandon makes no argument that any of the facts the court cited were not supported by the record.
¶20 Nonetheless, Brandon contends the circuit court erred "by relying on a large gap of noncontact between [him] and the [children] to determine that termination was in the children's best interests." Brandon argues that the court "gave insufficient weight" to the fact that "it was not by choice that [he]" did not have contact with the children, but, rather, he could not have contact with them because of the November 2016 order and his probationary no-contact condition. We disagree with Brandon's contentions.
¶21 In making these arguments, Brandon fails to recognize our standard of review. We review the circuit court's decision for an erroneous exercise of discretion. See Darryl T.-H. , 234 Wis. 2d 606, ¶¶27, 32. This standard gives deference to the court's decision. See Palisades Collection LLC v. Kalal , 2010 WI App 38, ¶12, 324 Wis. 2d 180, 781 N.W.2d 503. Brandon does not argue the court's factual findings were clearly erroneous. He also makes no meaningful argument for why the court's discretionary decision was erroneous. Instead, he asks us to disregard the court's decision because he disagrees with how the court weighed certain facts and assessed the six best interest factors. This we cannot do when we review the court's decision for an erroneous exercise of discretion. See Darryl T.-H. , 234 Wis. 2d 606, ¶¶32, 35. Therefore, we are unpersuaded by Brandon's argument that the court erred in its conclusion regarding the best interests of Molly and Larry.
¶22 On the whole, the circuit court applied the proper standard of law to the relevant facts, used a demonstrated rational process, and reached a reasonable conclusion. See Bank Mut. , 326 Wis. 2d 521, ¶20. We therefore conclude that the court properly exercised its discretion by finding that the termination of Brandon's parental rights was in the best interests of Molly and Larry.
III. Motion to supplement the records
¶23 Brandon's final argument is that the circuit court erred by partially denying his motion to supplement the records prior to appeal, apparently contending the court erroneously exercised its discretion. A motion to reopen a case for additional evidence lies within the sound discretion of the circuit court. See Stivarius v. DiVall , 121 Wis. 2d 145, 157, 358 N.W.2d 530 (1984). At the dispositional hearing, the court received every exhibit each party offered. Nevertheless, Brandon asserts the court erred because the documents that it refused to supplement the records with "are necessary for [this court] to understand the issues." We disagree.
¶24 We fail to see how any of the denied documents would aid in our understanding of these appeals or in Brandon's defense. Further, Brandon again ignores our standard of review. The circuit court's decision on Brandon's motion was discretionary. We will not reverse a court's discretionary decision unless the court erroneously exercised its discretion, and Brandon makes no meaningful argument analyzing the issue under this deferential standard. See Bank Mut. , 326 Wis. 2d 521, ¶20. Finally, we agree with the court that Brandon cannot now try to bolster his arguments on appeal by "adding evidence [into the records] that was never introduced" at the TPR dispositional hearing when he had every opportunity to offer those items at that same hearing. Therefore, the court did not err by partially denying Brandon's motion to supplement the records.
By the Court. -Orders affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

These appeals are decided by one judge pursuant to Wis. Stat. § 752.31(2) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

For the ease of reading, we use pseudonyms to refer to the parties and their children. See Wis. Stat. Rule 809.19(1)(g).
The Honorable James C. Babler presided over the parties' termination of parental rights (TPR) proceedings, and we refer to him as the circuit court, unless otherwise noted.

Cases appealed under Wis. Stat. Rule 809.107 "shall be given preference and shall be taken in an order that ensures that a decision is issued within 30 days after the filing of the appellant's reply ...." See Rule 809.107(6)(e). Conflicts in this court's calendar and other expedited appeals on this court's docket have resulted in a delay. It is therefore necessary for this court to sua sponte extend the deadline for a decision in this case. See Wis. Stat. Rule 809.82(2)(a) ; Rhonda R.D. v. Franklin R.D. , 191 Wis. 2d 680, 694, 530 N.W.2d 34 (Ct. App. 1995). We extend our deadline accordingly to the date this decision is issued.

The Honorable Maureen D. Boyle presided over the parties' divorce proceedings, and we refer to her as the family court.

The Honorable J.M. Bitney presided over Brandon's criminal proceedings, and we refer to him as the criminal court.

Diane filed her petition for temporary order and injunction in the TPR actions. Although Judge Babler presided over the TPR proceedings, Judge Bitney was the official who initially granted Diane's petition for temporary order and injunction.

The circuit court denied having the records be supplemented with the following requested items:
4. The Temporary Order dated November 20, 2015, in [the family court case,] that did not allow contact between [Brandon] and his children.
5. The Notice of Motion and Motion dated January 1, 2016, in [the family court case], whereby [Brandon] requested supervised visitation.
6. The Order dated April 4, 2016, in [the family court case], that denied [Brandon's] request for placement and ordered a custody study.
....
8. A copy of the Judgment of Conviction in [a different Barron County criminal matter] dated October 11, 2016.
9. A copy of the Motion and Affidavit to revise probation conditions dated June 2, 2017, in [the criminal court case].
10. A copy of the Order dated 12/01/2017 in [the criminal court case] that [stated the] bond will be amended to allow contact as soon as the family court rules on modification of physical placement.
11. The October 30, 2017, Motion to modify custody and placement and Affidavit filed in [the family court case].
12. The Request for Mediation filed on October 30, 2017.

On September 17, 2018, we ordered Brandon's appeals to be consolidated for briefing and disposition. See Wis. Stat. Rule 809.10(3).

We note that one of the items the circuit court denied being supplemented into the records was an October 30, 2017 "[m]otion to modify custody and placement and [a]ffidavit" submitted in the family court action. This item may have had some significance because the court granted Diane partial summary judgment by concluding that the November 2016 order was not modified within one year. Yet, Brandon neither averred during the partial summary judgment proceedings that he moved to modify the November 2016 order within the one-year period, nor did he argue that the pendency of his October 30, 2017 motion should have precluded the court from granting Diane partial summary judgment. Indeed, the court stated that Brandon submitted "no counter affidavits," and Brandon's brief opposing partial summary judgment merely stated that he moved to modify the November 2016 order and that his probation conditions had previously prohibited him from modifying that order. Brandon provided no further explanation for why his probation conditions had prohibited him from modifying or attempting to modify the November 2016 order.
For the first time in his reply brief and without any citations to the record, Brandon now claims that the circuit court erred in granting Diane partial summary judgment specifically because he did move to modify the custody and placement of his children. He now argues that the court violated his "constitutional rights by failing to consider that he had [previously] filed a motion to modify" the November 2016 order. We believe that Brandon is implicitly referring to the "missing" October 30, 2017 motion and affidavit. Nonetheless, we conclude-as did the court-it is undisputed that the November 2016 order had not been modified during the one-year period based upon the pleadings and Diane's affidavit available to the court during the partial summary judgment proceedings. See Wis. Stat. § 802.08(2). We also conclude that Brandon's constitutional argument in this regard is undeveloped. See Barakat v. DHSS , 191 Wis. 2d 769, 786, 530 N.W.2d 392 (Ct. App. 1995).