PER CURIAM.
¶1 Michael A. and Kathryn L. Hecker appeal from a judgment of foreclosure entered in favor of Deutsche Bank Trust Company (the Bank). The Heckers argue that the circuit court erred in dismissing their affirmative defenses and granting summary judgment to the Bank. Pursuant to a presubmission conference and this court's order of July 24, 2018, the parties submitted memorandum briefs. See WIS. STAT. RULE 809.17(1) (2017-18).[1] For the reasons that follow, we affirm.
¶2 In 2006, the Heckers entered into a loan agreement promising to repay Intervale Mortgage Corporation the principal sum of $ 28,800 over twenty years and secured the note with a second mortgage on their residence. Franklin Credit Management Corporation soon began servicing the loan and continued service through the time of foreclosure. The loan was subsequently transferred to Deutsche Bank. The Heckers filed for bankruptcy in 2009 and entered into a loan reaffirmation agreement with Deutsche Bank.
¶3 In 2017, the Bank initiated the underlying foreclosure action, alleging that the Heckers had defaulted on the note in that their last payment was made in or around February 2009, and the amount of $ 27,816.93 remained due and owing. The Heckers filed an answer along with affirmative defenses alleging violations of the statute of limitations and the Truth in Lending Act (TILA). The Bank filed a motion for summary judgment along with supporting papers, including the affidavit of Mark Syvertson, a foreclosure analyst employed with Franklin Credit, the loan's servicer. The Heckers filed an opposing response, and the Bank filed a reply. The circuit court granted summary judgment, and the Heckers appeal.
¶4 We review the circuit court's entry of summary judgment de novo, applying the same methodology as the circuit court. Cole v. Hubanks , 2004 WI 74, ¶5, 272 Wis. 2d 539, 681 N.W.2d 147. Summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." WIS. STAT. § 802.08(2).
¶5 The Bank set forth a prima facie case entitling it to summary judgment on the mortgage foreclosure. Through Syvertson's affidavit averring that "the plaintiff is the current holder of [the] note and mortgage," and the copies of the note and mortgage attached to the complaint and again to the affidavit, the Bank established its right of enforcement. See WIS. STAT. § 403.301 ; PNC Bank, N.A. v. Bierbrauer , 2013 WI App 11, ¶10, 346 Wis. 2d 1, 827 N.W.2d 124. There is no dispute that the Heckers owe a debt secured by the mortgage, and they admit not having made any "contractual payments" since February 2009. The amount of the default is established through the Bank's pleadings and attachments, including Syvertson's affidavit, the notice of default, and the loan account history detailing the missed payments and delinquency amount.
¶6 The Heckers contend that the Syvertson affidavit fails to allege "sufficient personal knowledge of the Hecker loan" to qualify as a business records exception to the hearsay rule under WIS. STAT. § 908.03(6), and that, therefore, the Bank did not establish its right of enforcement or the amount due and owing. We disagree.
¶7 Syvertson's affidavit averred that his employer had "possession, control, and responsibility for the accounting and other mortgage loan records relating to [the Heckers'] mortage loan," that these records were "created, kept and maintained in the ordinary course of business," and that he made his affidavit "from [his] personal inspection of said records and from [his] own personal knowledge of how these records are kept and maintained." This satisfies the requirements of PNC Bank v. Bierbrauer , in which the court concluded that an employee of the loan's servicer had adequate personal knowledge to aver that PNC was the current noteholder where the affidavit established that the servicer had possession of the loan records and that the affidavit was based upon the affiant's inspection of those records. Bierbrauer , 346 Wis. 2d 1, ¶10. The Heckers' response provided documents that did not rebut and in fact supported the affidavit testimony that Deutsche Bank holds the note, including a recorded assignment of mortgage and a May 9, 2017 demand letter.
¶8 We similarly reject the Heckers' argument that the Bank failed to make a prima facie showing of the amount due, which is set forth in Syvertson's affidavit and supported by its attachments. The Heckers admit they have not paid since February 2009 on a balance of $ 27,816.93 at an annual interest rate of 10.99%. They admit and provide evidence showing that Franklin Credit is the servicing agent. Syvertson's affidavit concurs and is sufficient to show the exhibits are what they purport to be. No contrary evidence concerning the amount due was produced by the Heckers. They have not set forth any disputed material fact sufficient to defeat summary judgment.
¶9 Next, the Heckers contend that the foreclosure was time-barred by the six-year statute of limitations in WIS. STAT. § 893.43(1), which applies to breach of contract actions. The Bank argues, and the circuit court concluded, that the thirty-year statute of limitations set forth in WIS. STAT. § 893.33, which governs real estate actions, applies to mortgage liens. "Choosing the correct statute of limitations involves a question of law that we independently review." Zastrow v. Journal Commc'ns, Inc. , 2006 WI 72, ¶12, 291 Wis. 2d 426, 718 N.W.2d 51.
¶10 We conclude that the thirty-year limit applies to this in rem mortgage foreclosure action. See WIS. STAT. § 893.33(2) and (5) ; Bank of New York Mellon v. Klomsten , 2018 WI App 25, ¶2, 381 Wis. 2d 218, 911 N.W.2d 364 ("[I]t is well established that the running of the statute of limitations that applies to enforcement of a note does not prevent timely foreclosure of the mortgage that secures the note ...."). As set forth in the Bank's brief, a long line of Wisconsin cases has distinguished between an in personam recovery on a note and an in rem mortgage foreclosure, and has recognized a difference in the permissible time to enforce these remedies. See, e.g., Security Nat'l Bank v. Cohen , 31 Wis. 2d 656, 661, 143 N.W.2d 454 (1966) (the court has consistently held that "the extinguishment of an obligation by the running of the statute of limitations does not prevent the foreclosure of a mortgage given to secure the debt" (citation omitted)); Wiswell v. Baxter , 20 Wis. 680, 681-82 (1866) ("It seems to be well established by the authorities that the six years statute of limitation constitutes no bar to a suit to foreclose the mortgage, although it might have been pleaded to a suit upon the notes.").
¶11 As recently as 2018, this court rejected the Heckers' position and held that the six-year limit in WIS. STAT. § 893.43 does not apply to mortgage foreclosure actions. See Klomsten , 381 Wis. 2d 218, ¶¶2, 12-19. The Heckers suggest that Klomsten was wrongly decided.[2] We are bound to follow our prior published decisions. See Cook v. Cook , 208 Wis. 2d 166, 189-90, 560 N.W.2d 246 (1997).
¶12 Finally, the Heckers contest the circuit court's dismissal of their affirmative defense alleging a violation of the Truth in Lending Act (TILA). They claim they did not receive notice that their mortgage loan was transferred to Deutsche Bank. We are not persuaded. The Heckers affirmatively alleged in the circuit court that after filing for bankruptcy, they entered into a reaffirmation agreement with Deutsche Bank. This contradicts any assertion that they were not notified of the transfer.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

The Heckers complain that the decision in Bank of New York Mellon v. Klomsten , 2018 WI App 25, 381 Wis. 2d 218, 911 N.W.2d 364, "overlooked the 1980 comprehensive revision of Chapter 893, as it was not raised by the parties to the action." At its core, the Heckers' argument is that Klomsten and the cases on which it relies were wrongly decided, as further evidenced by their acknowledgment that portions of their brief are "borrowed from the Petition for Review for the Klomsten case."